IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHANE HARRINGTON, et al., | |
| Plaintiffs, | 4:15-CV-3068 |
| vs. | MEMORANDUM AND ORDER |
| SEWARD COUNTY, NEBRASKA, et al., | |
| Defendants. | |

The plaintiffs have moved to amend their complaint and consolidate this matter with the plaintiff Shane Harrington's lawsuit against Hall County, Nebraska (4:15-cv-3052). Filing 29. Harrington filed a nearly identical motion in that case, which this Court has already denied. *See* case no. 4:15-cv-3052 filing 132. For the same reasons, the Court will deny this motion.

Next, after filing the motion to amend and consolidate, the plaintiffs filed an additional amended complaint (filing 33), which does not include the allegations from the Hall County case. The Court concludes that the plaintiffs' latest amended complaint is the operative complaint in this case.

Fed. R. Civ. P. 15(a)(1) permits a plaintiff to "amend its pleading once as a matter of course" either 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." By its terms, this rule applies to the plaintiffs' amended complaint. The first responsive pleading or Rule 12 motion in this case was the defendant JEO Consulting Group, Inc.'s motion to dismiss (filing 26) under Rule 12(b)(6), filed on July 31, 2015. The plaintiffs filed their amended complaint on August 19, 2015—19 days later. And although the plaintiffs previously moved to amend the complaint, that motion was intertwined with the motion to consolidate, and the plaintiffs were not permitted to make the amendment. Thus, this is the only time they will have been permitted to amend as a matter of course.

Accordingly, the plaintiffs' amended complaint (filing 33) was filed as of right and did not require leave of the Court. Also pending before the Court is defendant JEO Consulting Group's motion to dismiss (filing 26). Having reviewed the motion to dismiss, the Court will deny it as moot in light of the

1

plaintiffs' amended complaint. JEO is free to raise any arguments it believes continue to apply to the amended complaint in a new motion to dismiss. And the parties may wish to consider the Court's order in the Hall County case (case no. 4:15-cv-3052 filing 132) and evaluate the relevance of the Court's reasoning in that order to the issues presented in this case.

The Magistrate Judge previously stayed this case pending the Court's resolution of the motions to amend and dismiss, and to permit the Court to proceed in the Hall County matter. *See* filings 48 and 49. Accordingly, that stay will now be lifted. The defendants may file and serve appropriate responsive pleadings or motions pursuant to Fed. R. Civ. P. 12, absent an extension for good cause shown, on or before April 20, 2016.

IT IS ORDERED:

1. The plaintiffs' motion to amend and consolidate (filing 29) is denied.

2. The operative complaint in this case is filing 33.

3. The stay of this case is lifted.

4. The defendants may respond to the plaintiffs' amended complaint, pursuant to Fed. R. Civ. P. 12, on or before April 20, 2016.

Dated this 31st day of March, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge